

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/10/21

Keara M. Gordon
keara.gordon@dlapiper.com
T  212.335.4632
F  212.884.8632

September 9, 2021
*Via ECF*

The Honorable Judge Alison J. Nathan
United States District Court for the
  Southern District of New York
United States Courthouse
40 Foley Square
New York, New York 10007

**Re:     Request for Stay of the Responsive Pleading Deadline,** *Neal D'Alessio, et al. v. Match Group, LLC*, **No. 21-5765 (S.D.N.Y)**

Dear Judge Nathan:

I represent defendant Match Group, LLC ("Match") in the matter of *Neal D'Alessio, et al. v. Match Group, LLC*, No. 21-5765 (S.D.N.Y.).  This matter involves a contract between the plaintiffs and the defendant, which includes binding arbitration and class action waiver provisions. Indeed, the plaintiffs' counsel has already filed ten separate arbitrations seeking to avail themselves of this arbitration provision and asserting the same facts alleged in the plaintiffs' complaint in this case. The purpose of this letter is to respectfully request, pursuant to paragraphs 1(C) and 1(D) of the Court's Individual Rules of Practice in Civil Cases, that the Court stay all pre-trial proceedings and the responsive pleading deadline pending the defendant's motion to compel arbitration. A responsive pleading to the Complaint is currently due by September 17, 2021.

Match's request is supported by good cause. Match previously asked for, and the Court granted, an extension of the responsive pleading deadline on August 8, 2021 to allow Match to "investigat[e] the allegations contained in the Complaint." ECF Nos. 15, 16. After conducting that investigation, Match determined that the plaintiffs agreed to adjudicate the claims asserted in this



The Honorable Judge Alison J. Nathan
September 9, 2021
Page 2

litigation through binding arbitration or small claims proceedings. Their claims are also subject to

a class action waiver.  In relevant part, the current arbitration agreement, attached hereto as Exhibit

A, provides:

> The exclusive means of resolving any dispute or claim arising out of or relating to this Agreement (including any alleged breach thereof) or our Services shall be BINDING ARBITRATION administered by JAMS under the JAMS Streamlined Arbitration Rules & Procedures, except as modified by our Arbitration Procedures. The one exception to the exclusivity of arbitration is that either party has the right to bring an individual claim against the other in a small-claims court of competent jurisdiction, or, if filed in arbitration, the responding party may request that the dispute proceed in small claims court if the party's claim is within the jurisdiction of the small claims court.

*See* Ex. A at § 15.

Given the existence of this valid and enforceable arbitration agreement, Match will move

to compel arbitration before the September 17 responsive pleading deadline. Absent a stay of the

responsive pleading deadline, however, Match would be required to engage in this litigation by

participating in pre-trial proceedings and filing a responsive pleading. Requiring Match to engage

in this litigation would waste party and judicial resources and run contrary to controlling federal

law. *See* 9 U.S.C. § 3 (the court "shall on application of one of the parties stay the trial of the action

until such arbitration has been had in accordance with the terms of the agreement"); *accord Dill v.*

*JPMorgan Chase Bank, N.A.*, No. 19-10947, 2020 WL 4345755, at *4 (S.D.N.Y. Jul. 29, 2020)

(granting motion "to set a responsive pleading deadline upon disposition of pending motion to

compel arbitration."). For these reasons, Match respectfully requests the Court to stay all pre-trial

proceedings and the responsive pleading deadline pending a decision on Match's forthcoming

motion to compel arbitration.



The Honorable Judge Alison J. Nathan
September 9, 2021
Page 2

Plaintiffs have indicated that they oppose Match's request. They claim—despite the fact that their counsel has recently commenced multiple arbitration actions premised on the arbitration provision quoted above and the same allegations of supposedly unlawful conduct—that they "are not bound by Match's terms and conditions."

Thank you in advance for your consideration of this request.

Respectfully submitted,

Keara M. Gordon

In light of the forthcoming motion to compel arbitration to be filed on September 17, 2021, the Court will stay discovery until the motion is briefed and resolved.

SO ORDERED.

SO ORDERED.
ALISON J. NATHAN, U.S.D.J.

9/10/21