

6001 Broken Sound Parkway NW, Suite 404
Boca Raton, Florida 33487-2754
Phone: 561.482.3636
www.corwinlawfirm.com

The Honorable Judge Alison J. Nathan      <u>VIA ECF</u>     October 4, 2021
United States District Court for the
Southern District of New York
United States Courthouse
40 Foley Square
New York, New York 10007

Re: **<u>Request for Narrow Relief From Discovery Stay, <em>Neal D'Alessio, et al. v. Match Group, LLC</em>, No. 21-5765 (S.D.N.Y)</u>**

Dear Judge Nathan:

I represent the Plaintiffs in *Neal D'Alessio, et al v. Match Group, LLC*, No. 21-5765 (S.D.N.Y.). Pursuant to the Court's September 10, 2021 Order, discovery in this matter was stayed until defendant Match Group, LLC's ("Defendant") then-pending motion to compel arbitration was fully briefed and resolved.

Defendant's motion to compel arbitration (the "Motion") raises several evidentiary questions regarding whether the parties entered into an enforceable agreement to arbitrate. In order to have a full and fair opportunity to respond, Plaintiffs respectfully request that the Court (1) allow Plaintiffs to conduct discovery on three narrow issues raised by the Motion (identified below); and (2) continue Plaintiffs' deadline to respond to the Motion for a period of 60 days to allow Plaintiffs time to conduct this narrow discovery. There is good cause for this request.

The threshold question of whether the parties agreed to arbitration is one for judicial determination. *Nicosia* v. *Amazon.com, Inc.*, 834 F.3d 220, 229 (2d Cir. 2016). In deciding motions to compel, courts apply a 'standard similar to that applicable for a motion for summary judgment.'" *Id.* at 230, 238-39 (citations omitted). Accordingly, where there are factual disputes, it may be appropriate to allow limited discovery on those issues. *Id.* at 231. Here, Plaintiffs respectfully request the opportunity to make narrow inquiries regarding three specific topics relevant to the pending Motion:

First, Plaintiffs intend to show that the arbitration clause is illusory and/or unconscionable in application. Specifically, the arbitration provision in the version of the Terms of Use found in Exhibits 7 and 8 (paragraph 15a) provides that, even if a consumer files for arbitration, Defendant retains the unilateral right to reject arbitration if the claim is for less than the small claims jurisdictional amount (a virtual certainty for consumers paying an average of a few hundred dollars a year for subscriptions). Thus, Defendant can sit in wait until after a consumer has already paid their non-refundable arbitration filing fees, and then unilaterally refuse to proceed, forcing the consumer to re-file in small claims court (and pay even more filing fees) in order to discourage consumers from pursuing their cases. **Indeed, that is *exactly* what Defendant is currently doing to other consumers who elected to do precisely what Defendant argues Plaintiffs should have done – file arbitrations with JAMS.** *See* Exhibit A attached (correspondence from counsel for Defendant refusing to proceed in multiple arbitrations).[1] In order to show that this provision is, as a practical matter, illusory, Plaintiffs request leave to discover the number of arbitrations filed against Defendant by customers since 2016, and the number of those arbitrations in which Defendant refused to participate, based upon this provision.

Second, the Motion rests entirely on the declaration of Dushyant Saraph, who contends that each of the Plaintiffs agreed to "Terms of Use" containing an arbitration provision. Mr. Saraph's declaration attaches what he describes as "exemplar" subscription pages from Defendant's website over several years, which are each different, as well as different versions of the Terms of Use effective on different dates. However, Mr. Saraph does not provide the exact

---

[1] In the September 21st letter from Match's counsel to JAMS' Case Manager, Match requests that JAMS close its file on ten arbitrations filed by Consumers, refusing to pay filing or arbitrator fees due from Match "The purpose of this letter is to terminate all arbitration proceedings presently filed or filed in the future by Corwin Law and litigate these matters in small claims court." Match asks this Court to compel arbitration and yet refuses to let consumers arbitrate.

dates on which he contends each of the Plaintiffs purportedly agreed to these Terms of Use, nor does he definitively declare that these "exemplar" pages reflect the Defendant's website as it existed on those specific dates. In addition, Mr. Saraph references "renewals" by each of the Plaintiffs, but does not provide any evidence as to whether these "renewals" purportedly provided Plaintiffs with notice of the Terms of Use (if that is what Defendant is claiming). It is reasonable for Plaintiffs to request discovery as to exactly what Defendant contends the subscription pages and the Terms of Use looked like on the specific dates that each of the Plaintiffs purportedly agreed to the Terms, as well as clarify whether Defendants contend Plaintiffs received notice of the Terms via the renewals or only during the subscription process. It would be unfair for Defendant to wait until its Reply brief to clarify these matters, when Plaintiffs will have no opportunity to respond.

Third, because Defendant presents no evidence Plaintiffs ever read or affirmatively agreed to the Terms of Use (such as a signature or checkbox indicating their acceptance of the Terms), it will be essential to determine whether Plaintiffs had adequate notice of the Terms of Use and the purported arbitration provision solely through the design of Defendant's subscription page. One means of evaluating this factor would be to review the number of Defendant's users who actually clicked on the link to review the Terms of Use before clicking the much more prominent "Subscribe" button – the lower the percentage, the greater the evidence the link went unnoticed by consumers due to Defendant's design. Accordingly, Plaintiffs should be entitled to discover this percentage for each version of Defendant's subscription page at issue.

The Defendant does not consent to this Motion.

Respectfully submitted,

Marcus W. Corwin